UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY COTTON | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Case No. 1:07-cv-00971 |
| v. | ) Judge Reggie B. Walton |
| | ) |
| GRUNLEY CONSTRUCTION CO., | ) |
| INC., et al. | ) |
| | ) |
|     Defendants. | ) |

### ANSWER AND GROUNDS OF DEFENSE

**COMES NOW** your Defendant, Grunley Construction Co., Inc., by and through counsel, and as and for its Answer and Grounds of Defense to the Complaint previously filed against it states the following:

### JURISDICTION/PARTIES

1. This Defendant is presently without sufficient information to admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint and must therefore demand proof thereof. This Defendant denies that the amount in controversy exceeds $75,000.

2. It is admitted that the incident alleged by Plaintiff took place at the National Archives building.

3. This Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. This Defendant is presently without sufficient information to admit or deny those allegations contained in paragraph 4 of Plaintiff's Complaint and must therefore demand strict proof thereof.

5. This Defendant is presently without sufficient information to admit or deny those allegations contained in paragraph 5 of Plaintiff's Complaint and must therefore demand strict proof thereof.

## FACTS

6. This Defendant is presently without sufficient information to admit or deny those allegations contained in paragraph 6 of Plaintiff's Complaint and must therefore demand strict proof thereof.

7. This Defendant is presently without sufficient information to admit or deny those allegations contained in paragraph 7 of Plaintiff's Complaint and must therefore demand strict proof thereof.

8. This Defendant is presently without sufficient information to admit or deny those allegations contained in paragraph 8 of Plaintiff's Complaint and must therefore demand strict proof thereof.

9. This Defendant is presently without sufficient information to admit or deny those allegations contained in paragraph 9 of Plaintiff's Complaint and must therefore demand strict proof thereof.

10. This Defendant is presently without sufficient information to admit or deny those allegations contained in paragraph 10 of Plaintiff's Complaint and must therefore demand strict proof thereof.

11. This Defendant is presently without sufficient information to admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint but denies that any such "electrocution" was caused by or contributed to by this Defendant.

12. Those allegations contained in paragraph 12 of Plaintiff's Complaint are denied and strict proof demanded thereof.

## COUNT I
### Negligence

13. In response to paragraph 13 this Defendant incorporates by reference its responses to paragraphs 1 through 12 as though fully set forth herein. This Defendant further denies those additional allegations contained in paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14. Those allegations contained in paragraph 14 of Plaintiff's Complaint are denied and strict proof demanded thereof.

15. Those allegations contained in paragraph 15 of Plaintiff's Complaint are denied and strict proof demanded thereof.

**WHEREFORE**, having fully answered, your Defendant, Grunley Construction Co., Inc., by and through counsel, moves this Honorable Court to dismiss the Complaint previously filed against it herein and for such other and further relief as this Court may deem appropriate.

### Jury Demand

This Defendant demands a trial by jury for all issues joined.

        Respectfully Submitted,

        <u>/S/ Paul R. Pearson, Esquire</u>
        Paul R. Pearson, Esquire
        D.C. Bar No. 386823
        Law Offices of Roger S. Mackey
        14008 Parkeast Circle
        Chantilly, VA 20151
        (703) 818-6925
        (703) 818-6931 (facsimile)
        Paul.R.Pearson@travelers.com
        Counsel for Grunley Construction Co., Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Answer and Grounds of Defense served via  was mailed, postage prepaid, this 4th day of June 2007 to:

Ronald Simon, Esquire
Simon & Associates
1707 N Street, N.W.
Washington, D.C. 20036
Counsel for Plaintiff

Singleton Electric Co., Inc.
8940 Bradmoor Drive
Bethesda, MD 20034

        <u>/S/ Paul R. Pearson, Esquire</u>
        Paul R. Pearson, Esquire