# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

NANCY COTTON                            :

       Plaintiff,                         :      Case No. 1:07-cv-00971
                                                 Judge Reggie B. Walton

v.                                      :

GRUNLEY CONSTRUCTION CO.,               :
INC., et al.

       Defendants.                        :

## DEFENDANT LB&B ASSOCIATES INC.'S INITIAL DISCLOSURE

Defendant LB&B Associates Inc. hereby submits its initial disclosure in accordance with FRCP 26(a)(1). Defendant is providing the information known to it at this time. Discovery is just beginning and defendant reserves its right to identify additional witnesses and documents.

### FRCP 26(a)(1)(A)(i) – Witnesses

1. Plaintiff Nancy Cotton. Plaintiff is likely to have discoverable information on the subjects of the electrical shock incident and her alleged injuries and damages.

2. Plaintiff's husband Gary Cotton. Mr. Cotton is likely to have discoverable information on the subjects of the electrical shock incident and plaintiff's alleged injuries and damages.

3. Jeffery S. Poston, LB&B Director of Safety, 9891 Broken Land Pkwy., #400, Columbia, MD 21046, 410.290.5100. The subjects on which Mr. Poston is likely to have discoverable information that LB&B may use to support its defenses are LB&B's

contract with the government relative to the National Archives I, work performed at the National Archives I, and the circumstances surrounding the electrical shock incident.

4. Robert Deinert, LB&B Quality Control/Safety Manager at National Archives I and II. 9891 Broken Land Pkwy., #400, Columbia, MD 21046, 410.290.5100. The subjects on which Mr. Deinert is likely to have discoverable information that LB&B may use to support its defenses are LB&B's contract with the government relative to the National Archives I, work performed at the National Archives I, and the circumstances surrounding the electrical shock incident.

5. Jack Hodge, LB&B project manager for the NARA contract at the time of the incident; he is no longer an LB&B employee, his last known address is 3975 Ducksfoot Lane, Ellicott City, MD 21042. The subjects on which Mr. Hodge is likely to have discoverable information that LB&B may use to support its defenses are LB&B's contract with the government relative to the National Archives I, work performed at the National Archives I, and the circumstances surrounding the electrical shock incident.

6. Edward Bentley, LB&B Safety Specialist at National Archives I at the time of the incident; he is no longer an LB&B employee, his last known address is 12125 Burning Ridge Ct., Waldorf, MD 20602. The subjects on which Mr. Bentley is likely to have discoverable information that LB&B may use to support its defenses are LB&B's contract with the government relative to the National Archives I, work performed at the National Archives I, the circumstances surrounding the electrical shock incident, the condition of the incident scene after the incident, and the photographs he took of the incident scene.

7. Doug Tinsley, safety manager at National Archives I at the time of the incident; address and phone number unknown. The subjects on which Mr. Tinsley is likely to have discoverable information that LB&B may use to support its defenses are LB&B's contract with the government relative to the National Archives I, work performed at the National Archives I, and the circumstances surrounding the electrical shock incident.

8. David Mayes, LB&B electrician, 9891 Broken Land Pkwy., #400, Columbia, MD 21046, 410.290.5100. The subjects on which Mr. Mayes is likely to have discoverable information that LB&B may use to support its defenses are LB&B's contract with the government relative to the National Archives I, work performed at the National Archives I, the circumstances surrounding the electrical shock incident, the condition of the incident scene after the incident, and the wiring repair.

9. Tequila Harris, LB&B administrative assistant at the time of the incident; she is no longer employed by LB&B, address and phone number presently unknown. The subjects on which Ms. Harris is likely to have discoverable information that LB&B may use to support its defenses are LB&B's contract with the government relative to the National Archives I, work performed at the National Archives I, the circumstances surrounding the electrical shock incident, and the condition of the incident scene after the incident.

10. Lou Landerer, LB&B Assistant Program Manager at Archives I at the time of the incident, address and phone number presently unknown. The subjects on which Mr. Landerer is likely to have discoverable information that LB&B may use to support its defenses are LB&B's contract with the government relative to the National Archives I, work performed at the National Archives I, the circumstances surrounding the electrical

shock incident, the condition of the incident scene after the incident, and the wiring repair.

11. Joe Hannigan, LB&B electrician at the time of the incident; he is no longer employed by LB&B, address and phone number presently unknown. The subjects on which Mr. Hannigan is likely to have discoverable information that LB&B may use to support its defenses are LB&B's contract with the government relative to the National Archives I, work performed at the National Archives I, the circumstances surrounding the electrical shock incident, the condition of the incident scene after the incident, and the wiring repair.

12. Cindy Sitko, Nurse at Archives I at the time of the incident, address and phone number unknown. The subjects on which Ms. Sitko is likely to have discoverable information that LB&B may use to support its defenses are plaintiff's condition after the incident, the August 2, 2005 Archives I Safety and Health Committee meeting, and the circumstances surrounding the incident.

13. Lt. McCall, lieutenant at Archives I at the time of the incident, address and phone number unknown. The subjects on which Lt. McCall is likely to have discoverable information that LB&B may use to support its defenses are the circumstances surrounding the electrical shock incident.

14. Melvin Holley, National Archives I personnel, address and phone number unknown. The subjects on which Mr. Holley is likely to have discoverable information that LB&B may use to support its defenses are LB&B's contract with the government relative to the National Archives I, work performed at the National Archives I, the August 2, 2005

Archives I Safety and Health Committee meeting, and the circumstances surrounding the electrical shock incident.

15. John Bartell, National Archives I renovation supervisor at the time of the incident, address and phone number unknown. The subjects on which Mr. Bartell is likely to have discoverable information that LB&B may use to support its defenses are the renovation project, Grunley's and Singleton Electric's contracts for and work on the renovation project, the quality (or lack thereof) of Grunley's work on the renovation project, other contractors' work on the renovation project, the August 2, 2005 Archives I Safety and Health Committee meeting, the wiring voltage and light wattage, and the circumstances surrounding the electrical shock incident.

16. Ed Stokes, National Archives I personnel at the time of the incident, address and phone number unknown. The subjects on which Mr. Stokes is likely to have discoverable information that LB&B may use to support its defenses are the August 2, 2005 Archives I Safety and Health Committee meeting, and Grunley's contract for and work on the renovation project, including the quality (or lack thereof) of Grunley's work.

17. Susan Lee-Bechtold, National Archives I personnel at the time of the incident, address and phone number unknown. The subjects on which Ms. Lee-Bechtold is likely to have discoverable information that LB&B may use to support its defenses are the August 2, 2005 Archives I Safety and Health Committee meeting, and Grunley's contract for and work on the renovation project, including the quality (or lack thereof) of Grunley's work.

18. Cindy Fox, National Archives I personnel at the time of the incident, address and phone number unknown. The subjects on which Ms. Fox is likely to have discoverable

information that LB&B may use to support its defenses are the August 2, 2005 Archives I Safety and Health Committee meeting, Grunley's contract for and work on the renovation project, including the quality (or lack thereof) of Grunley's work, Singleton's contract for and work on the renovation project, including the quality (or lack thereof) of Singleton's work, and the circumstances surrounding the electrical shock incident.

19. Timothy Edwards, National Archives I personnel at the time of the incident, address and phone number unknown. The subjects on which Mr. Edwards is likely to have discoverable information that LB&B may use to support its defenses are LB&B's contract with the government relative to the National Archives I, the condition of the incident scene after the incident, the wiring repair, and the circumstances surrounding the electrical shock incident.

20. Tracy Avant, National Archives I Safety Officer, address and phone number unknown. The subject on which Mr. Avant is likely to have discoverable information that LB&B may use to support its defenses is an investigation that NARA may have conducted regarding the incident.

21. Ngan Pham, NARA engineer, address and phone number unknown. The subject on which Mr. Pham is likely to have discoverable information that LB&B may use to support its defenses is the circumstances surrounding the incident.

22. Vernon N. Howard, NARA or Securiguard, Inc. security supervisor, address and phone number unknown. The subject on which Mr. Howard is likely to have discoverable information that LB&B may use to support its defenses is the circumstances surrounding the electrical shock incident.

23. Robert Brand, NARA security rep., address and phone number unknown. The subject on which Mr. Brand is likely to have discoverable information that LB&B may use to support its defenses is the circumstances surrounding the electrical shock incident.

24. Mark Sprouse, NARA Director of the Facilities & Material Management Services Division, and Contracting Officer's Representative for the LB&B contract, 301.837.3019. The subjects on which Mr. Sprouse is likely to have discoverable information that LB&B may use to support its defenses are LB&B's contract with the government relative to the National Archives I, work performed at the National Archives I, and the circumstances surrounding the electrical shock incident.

25. Jack House, NARA personnel, address and phone number unknown. The subjects on which Mr. House is likely to have discoverable information that LB&B may use to support its defenses are the condition of the 19E1 door and wiring prior to plaintiff's incident, and the circumstances surrounding the incident.

26. Rick Peuser, NARA personnel, address and phone number unknown. The subjects on which Mr. Peuser is likely to have discoverable information that LB&B may use to support its defenses are the condition of the 19E1 door and wiring prior to plaintiff's incident, and the circumstances surrounding the incident.

27. Steven Gesualdi, Singleton safety director, address and phone number unknown. The subjects on which Mr. Gesualdi is likely to have discoverable information that LB&B may use to support its defenses are Singleton's work on the renovation project at National Archives I, Grunley's work on the renovation project at National Archives I, and the circumstances surrounding the electrical shock incident.

28. Scott Werner, Singleton project manager at the time of the incident, address and phone number unknown. The subjects on which Mr. Werner is likely to have discoverable information that LB&B may use to support its defenses are Singleton's work on the renovation project at National Archives I, Grunley's work on the renovation project at National Archives I, and the circumstances surrounding the electrical shock incident.

29. David Nicholson, Singleton foreman at the time of the incident, address and phone number unknown. The subjects on which Mr. Nicholson is likely to have discoverable information that LB&B may use to support its defenses are Singleton's work on the renovation project at National Archives I, Grunley's work on the renovation project at National Archives I, and the circumstances surrounding the electrical shock incident.

30. Elmer (Skip) McConkey, Singleton site supervisor at the time of the incident, address and phone number unknown. The subjects on which Mr. McConkey is likely to have discoverable information that LB&B may use to support its defenses are Singleton's work on the renovation project at National Archives I, Grunley's work on the renovation project at National Archives I, and the circumstances surrounding the electrical shock incident.

31. Dan Snyder, Grunley safety director at the time of the incident, address and phone number unknown. The subjects on which Mr. Snyder is likely to have discoverable information that LB&B may use to support its defenses are Singleton's work on the renovation project at National Archives I, Grunley's work on the renovation project at National Archives I, and the circumstances surrounding the electrical shock incident.

32. John Crabtree, Grunley project manager at the time of the incident, address and phone number unknown. The subjects on which Mr. Crabtree is likely to have discoverable

information that LB&B may use to support its defenses are Singleton's work on the renovation project at National Archives I, Grunley's work on the renovation project at National Archives I, and the circumstances surrounding the electrical shock incident.

33. Ricky Roane, Grunley carpenter foreman/assistant superintendant at the time of the incident, address and phone number unknown. The subjects on which Mr. Roane is likely to have discoverable information that LB&B may use to support its defenses are Singleton's work on the renovation project at National Archives I, Grunley's work on the renovation project at National Archives I, and the circumstances surrounding the electrical shock incident.

34. Doug Dorner, safety inspector for Heery, the owner's construction manager, address and phone number unknown. The subjects on which Mr. Dorner is likely to have discoverable information that LB&B may use to support its defenses are Singleton's work on the renovation project at National Archives I, Grunley's work on the renovation project at National Archives I, and the circumstances surrounding the electrical shock incident.

**FRCP 26(a)(1)(A)(ii) – Documents**

The documents that LB&B has, at this time, been able to locate within its possession, custody, or control and that LB&B may use to supports its defenses are as follows: documents labeled LBB 0001 – LBB 0145 (previously produced); documents labeled LBB 0146 – LBB 0147 (produced herewith).

**FRCP 26(a)(1)(A)(iv) – Insurance**

LB&B is insured by a commercial general liability policy with Transcontinental Insurance Co., policy #2049598033, with a per occurrence limit of $1,000,000. LB&B

previously produced the declaration page for this policy.  LB&B is insured by an excess policy

with Chubb – Federal Insurance, policy #79808304, with a $5,000,000 limit.


THOMPSON O'DONNELL, LLP


   /s/
Randell Hunt Norton #187716
Molly M. Ryan #974514
1212 New York Ave., N.W.
Suite 1000
Washington, D.C. 20005
202.289.1133
202.289.0275 (Facsimile)
rhn@tomnh.com
mmr@tomnh.com

*Counsel for LB&B Associates Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing **Defendant LB&B Associates Inc.'s Initial Disclosure** was sent via electronic service and first class mail on the _15th_ day of May 2008, to:

Ronald Simon
Todd Wilson
Simon & Associates
1707 N St. N.W.
Washington, DC 20036
*Counsel for plaintiff*

Jacquelyn M. Kramer
Law Offices of Guido Porcarelli
200 International Circle
Suite 1500
Hunt Valley, MD 21030
*Counsel for Singleton Electric Co., Inc.*

Paul R. Pearson
Law Offices of Roger S. Mackey
14008 Parkeast Circle
Chantilly, VA 20151-2225
*Counsel for Grunley Construction Co., Inc.*

                    ___/s/_____
                    Molly M. Ryan